In the Matter of the Estate of HARRY F. DISOSWAY, Deceased.

Surrogate's Court, Kings County, July 9, 1962.

*Cullen & Dykman* for trustee. *Bernstein & Moche* for Kenneth D. De May.

MAXIMILIAN MOSS, S. This proceeding was instituted by Manufacturers Hanover Trust Company, successor by merger to Brooklyn Trust Company, for the judicial settlement of its account as trustee of three trusts created under the will of Harry F. Disosway, deceased. Kenneth D. De May, a beneficiary of one of the trusts, by his petition verified the 12th day of September, 1961, and a supplemental petition verified the 14th day of November, 1961, has asked that the will of decedent be construed and for other determinations.

Decedent died a resident of Kings County. He left a will dated the 30th day of January, 1930, in which he created a trust of one third of his residuary estate for the benefit of his widow, Stella Disosway, during her life. He also created a trust of one third of his residuary estate for the benefit of his son, Kenneth D. De May, formerly known as Kenneth Disosway, during his life; and he created a similar trust of one third of his residuary estate for the benefit of his daughter, Linda M. Mosher, during her life.

Decedent also provided in his will that upon the death of Stella Disosway the principal of her trust should be divided into two equal parts, and one of such parts added to the principal of the trust for his son, and one of such parts added to the principal of the trust for his daughter.

Decedent's widow died in 1960 intestate; she left surviving as her only distributees her son Kenneth De May, and her daughter Linda M. Mosher.

The trust of one third of the decedent's residuary estate created for the benefit of his widow, Stella Disosway, during her life, which trust terminated on her death, was a valid trust.

Upon the death of Stella Disosway one half of the net principal of her trust became part of the principal of the trust created for

the benefit of Kenneth D. De May and in augmentation thereof, and one half of the net principal of her trust became a part of the principal of the trust created for the benefit of Linda M. Mosher and in augmentation thereof.

The trust of one third of the decedent's residuary estate created for the benefit of Kenneth D. De May, as augmented by one half of the principal of the trust created for the benefit of Stella Disosway, is a valid and subsisting trust.

The trust of one third of the decedent's residuary estate created for the benefit of Linda M. Mosher, as augmented by one half of the principal of the trust created for the benefit of Stella Disosway, is a valid and subsisting trust.

As to who shall be entitled to the principal of the trust now consisting of one half of the decedent's residuary estate for the benefit of Kenneth D. De May when this trust terminates upon his death, unless sooner terminated by the trustee paying over the entire principal to said beneficiary, is now academic.

As to who shall be entitled to the principal of the trust now consisting of one half of the decedent's residuary estate for the benefit of Linda M. Mosher when this trust terminates upon her death, unless sooner terminated by the trustee paying over the entire principal to said beneficiary, is now academic.

Decedent, in the SEVENTH clause of his will authorized tne trustee of each of the two existing trusts, one for the benefit of Kenneth D. De May and the other for the benefit of Linda M. Mosher, at any time and from time to time to pay to the beneficiary such portion of the principal of his or her trust as said trustee in its absolute and uncontrolled discretion may deem for the best interest of such beneficiary and/or his or her immediate family; such payments to rest in the sole discretion of the trustee and not be subject to question by any person interested in the income or principal of the trusts, and upon making such payment the trustee shall be completely discharged from further liability, responsibility and accountability therefor to any person.

The decedent intended by the SEVENTH clause of his will to authorize and empower the trustees of the existing trust for the benefit of decedent's son, Kenneth D. De May, consisting of one half of the residuary estate, to pay over the entire principal of said trust to said beneficiary thereof, or from time to time portions thereof, when in its absolute and uncontrolled discretion it deems the payment of such principal for the best interest of such beneficiary and/or for his immediate family.

The decedent intended by the SEVENTH clause of his will to authorize and empower the trustee of the existing trust for the benefit of decedent's daughter, Linda M. Mosher, consisting of

one half of the residuary estate, to pay over the entire principal of said trust to said beneficiary thereof, or from time to time portions thereof, when in its absolute and uncontrolled discretion it deems the payment of such principal for the best interest of such beneficiary and/or for her immediate family.